UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SEAN F. MESCALL,

                             Plaintiff,                9:26-CV-0187
                                            (MAD/ML)

         v.

DANIEL F. MARTUSCELLO, III, et al.,

                          Defendants.

---

APPEARANCES:                              OF COUNSEL:

SEAN F. MESCALL
Plaintiff, pro se
25-R-2834
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

Pro se plaintiff Sean Mescall ("plaintiff") commenced this action, pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a complaint, an application to proceed in forma pauperis ("IFP"), a motion for preliminary injunction, and a supplement to the complaint. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 3 ("Motion"); Dkt. No. 4 ("Supplement"). Plaintiff also filed a submission in support of his motion for preliminary injunctive relief. Dkt. No. 5. At the time he filed the complaint, plaintiff was incarcerated at Greene Correctional Facility ("Greene C.F."). *See generally* Compl.

On February 10, 2026, the Court denied plaintiff's IFP application as incomplete and administrative closed the action due to plaintiff's failure to comply with the filing fee requirements.  Dkt. No. 6.   On February 27, 2026, plaintiff paid the statutory filing fee and the matter was reopened.  Dkt. No. 11.

On March 2, 2026, plaintiff filed submissions in support of the complaint.[1]  Dkt. Nos. 13 and 14.

## II.    DISCUSSION

### A.  Governing Legal Standard

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose

---

[1] The Clerk of the Court is directed to attach the submissions at Docket Number 4, 13, and 14 to the complaint (Dkt. No. 1).  This will constitute the operative pleading.

2

of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz,* No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the 'defendant unlawfully harmed me' accusation." *Id.*

### B. Summary of the Complaint[2]

---

[2] With the complaint, plaintiff provided exhibits. *See* Compl. at 13-32. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the documents attached as exhibits.

With the complaint, plaintiff identified the following individuals as defendants: Daniel F. Martuscello, III ("Martuscello"), Arron Torres ("Torres"), Michael D'Amore ("D'Amore"), S.O.R.C. Haggerty ("Haggerty"), O.R.C. Baxter ("Baxter"), and Letitia James ("James"). *See generally* Compl. In plaintiff's supplement submissions, he requests that the Court add the following entities and individuals as defendants, in their official and individual capacities: Melissa Coolidge ("Coolidge"), Joseph N. Noeth ("Noeth"), Osborne McKay ("McKay"), Marco Ricci ("Ricci"), Anne McGrath ("McGrath"), Cathy Sheehan ("Sheehan"), Jeff McKoy ("McKoy"), Carol Moores ("Moores"), Denisha Goodman ("Goodman"), James Donahue ("Donahue"), Attorney General Pamela Bondi ("Bondi"), William K. Marshall III ("Marshall"), Alvin Bragg ("Bragg"), United States Department of Justice, Federal Bureau of Prisons, United States of America, the State of New York, and United States Marshal Service.[3] Dkt. No. 4 at 1; Dkt. No. 13 at 2. The following facts are set forth as alleged by plaintiff in his complaint.

Plaintiff's complaint contains rambling allegations relating to unspecified events, which may or may not be related, and fails to identify a single defendant, or reference any legal basis for an action. Plaintiff has not asserted any causes of action and thus, the Court is unable to decipher what allegations plaintiff is making against what defendants. *See Harper*, 2012 WL 3115975, at *7 (the plaintiff's actual complaint consisted of no more than unsupported legal conclusions and an outline of legal theories, and thus, was "patently

---

*See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[3] The Clerk of the Court shall add these individuals and entities as defendants to the Docket Report.

insufficient to state plausible civil rights violations").  The Court has used its best effort to discern plaintiff's claims.

In 2012, plaintiff was convicted in two cases in the Western District of North Carolina, and his supervised release was transferred to the Southern District of New York.  *See generally* Dkt. No. 14; *Mescall v. Warden*, No. 25-CV-6172, 2025 WL 2734081, at *1 (S.D.N.Y. Sept. 24, 2025).  In March 2022, plaintiff was serving his sentence under home confinement in Newburgh, New York.  *Mescall v. GEO RRM Residential Coordinator Halfway House Treatment Ctr.,* No. 23-CV-6927, 2023 WL 8437759, at *1 (S.D.N.Y. Nov. 2, 2023).  On August 23, 2023, plaintiff was released from home confinement.  *Mescall v. McFarland*, No. 23 CIV. 689, 2023 WL 6390671, at *1 (S.D.N.Y. Oct. 2, 2023)

In May 2025, plaintiff was arrested "on a bench warrant" and subsequently pled guilty to charges.  Dkt. No. 13.  In September 2025, plaintiff was transferred to the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  *Id*. From September 2025 until January 2026, plaintiff was transferred and moved between various DOCCS' facilities.  Compl. at 5.

While confined at Greene Correctional Facility ("Greene C.F."), plaintiff was denied hygiene items, coffee, haircuts, daily programming, hot food, recreation, and commissary. Compl. at 3-4, 22.

On January 14, 2026, plaintiff applied for temporary work release program.  Compl. at 7-8.  On January 22, 2026, plaintiff's application was denied based upon inaccurate or false information supplied by staff from Greene C.F. and Coxsackie Correctional Facility

("Coxsackie C.F."). *Id*. at 7-8, 13-14. Instead, plaintiff was placed into the "shock incarceration program."[4] *Id*.

On January 22, 2026, plaintiff wrote to Baxter asking for a meeting to review the "inaccurate files" and plaintiff's application for the temporary release program. Compl. at 14.

On January 23, 2026, plaintiff wrote to Haggerty and advised that he was rejected from the temporary work release program and screened for the "shock program." Compl. at 15. He indicated that if he was not qualified for the temporary release program, then he would not be qualified for the shock program as the programs are based upon the same criteria. *Id*. Plaintiff filed an appeal of his denial. *Id*. at 16.

On January 23, 2026, plaintiff met with an ORC staff member at Greene C.F., who refused to supply her name, ordered plaintiff to attend the shock program. *Id*. at 8. Plaintiff signed the participation agreement, under duress. *Id*. at 10. The program required plaintiff to be housed eight hours from his wife precluding her from visiting. *Id*. The shock program also requires rigorous exercise which presented an atypical hardship due to plaintiff's pre-existing injury to his left knee and shoulders. Compl. at 11.

Construed liberally[5], the complaint contains Fourteenth Amendment due process claims and Eighth Amendment claims. *See generally* Compl. Plaintiff seeks injunctive relief.

---

[4]  "Shock incarceration program" means a program pursuant to which eligible incarcerated individuals are selected to participate in the program and serve a period of six months in a shock incarceration facility, which shall provide rigorous physical activity, intensive regimentation and discipline and rehabilitation therapy and programming. Such incarcerated individuals may be selected either: (i) at a reception center; or (ii) at a general confinement facility when the otherwise eligible incarcerated individual then becomes eligible for release on parole within three years in the case of an indeterminate term of imprisonment, or then becomes eligible for conditional release within three years in the case of a determinate term of imprisonment. N.Y. Correct. Law § 865.

[5]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. S*ee, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so

*See generally* Compl. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C. Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials.

---

doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

*See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id.* (quoting *Iqbal*, 556 U.S. at 676).

Initially, the Court notes that while plaintiff identifies twenty-four defendants in the complaint, the allegations in the body of the complaint reference only Baxter and Haggerty. Plaintiff failed to implicate the remaining twenty-two defendants in any unconstitutional conduct. While these individuals and entities are named as defendants in the caption and in the supplemental submissions, these defendants are not mentioned in the body of the complaint. Indeed, the complaint does not contain any allegations that would allow this Court to infer that these defendants were personally involved in decisions related to plaintiff's disbursements, hearings, or the work release program. In the absence of factual allegations sufficient to plausibly suggest that any defendant was personally involved in conduct that violated plaintiff's constitutional rights, the complaint fails to state a cognizable claim against them. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint). The Court recognizes that plaintiff is proceeding pro se and that this requires the Court to treat his pleadings with a certain degree of liberality; despite this, plaintiff's conclusory allegations are wholly insufficient to state a plausible claim. Plaintiff's claims

8

against these defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

With respect to Baxter and Haggerty, plaintiff claims his due process rights were violated when he was excluded from the temporary work release program and that his Eighth Amendment rights were violated when he was compelled to participate in the shock program.

### 1. Due Process Claims

To successfully state a claim under Section 1983 for denial of due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460 (1989)). Due process generally requires that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

"[I]t is well settled that plaintiff has no constitutional right to work release or any temporary release program" or "shock program." *Kevilly v. Hulihan*, No. 9:05-CV-1058 (GLS/GHL), 2005 WL 3531462, at *1 (N.D.N.Y. Dec. 22, 2005) (citations omitted); *Klos v. Haskell*, 48 F.3d 81, 87 (2d Cir. 1995). "Because plaintiff does not enjoyed a protected liberty interest in work release, any alleged deficiencies in the consideration of plaintiff's work release application do not state a claim upon which relief can be granted under 42 U.S.C. § 1983." *Id*.

Accordingly, plaintiff's due process claims related to the programs are denied without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### 2. Eighth Amendment Claims

Construing the complaint liberally, plaintiff alleges that his Eighth Amendment rights were violated in the following respects (1) plaintiff was denied hygiene items, coffee, haircuts, daily programming, hot food, recreation, and commissary while incarcerated at Greene C.F.; (2) plaintiff was compelled to participate in the shock program despite knee and shoulder injuries; and (3) plaintiff's participation in the shock program interfered with his visitation rights.

While the United States Constitution " 'does not mandate comfortable prisons,' . . . neither does it permit inhumane" treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "To demonstrate that the conditions of confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468,480 (2d Cir. 1996) (citation omitted).

To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' " *Jolly*, 76 F.3d at 480 (citation omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted). Conditions that are restrictive and harsh are an element of the penalty that criminal offenders pay to society for their offenses. *See Rhodes*, 452 U.S. at 347.

With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' " *Jolly*, 76 F.3d at 480 (citation omitted). To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Walker*, 717 F.3d at 125.

10

### a.   Conditions at Greene C.F.

As presently plead, the complaint lacks dates, times, and allegations related to how long plaintiff was denied hygiene items, coffee, haircuts, daily programming, hot food, recreation, and commissary.  As such, the complaint does not include any facts suggesting that plaintiff was confined at Greene C.F. under conditions that resulted in a serious deprivation of basic human needs.

Even assuming plaintiff had alleged facts that satisfied the objective prong of an Eighth Amendment analysis, the complaint lacks facts indicating that the named defendants were personally involved or responsible for plaintiff's conditions of confinement.

### b.   Knee and Shoulder Injuries

At the outset, plaintiff has not described his knee or shoulder injuries, in any manner. Thus, as presently plead, the objective prong of the Eighth Amendment claim has not been satisfied.  However, even assuming plaintiff's was confined under conditions that posed a serious threat to his health, the facts do not suggest that any named defendant was deliberately indifferent to plaintiff's health or conditions.  Indeed, the facts do not suggest that any named defendant was personally involved in the decision to mandate plaintiff's participation in the shock program.  While plaintiff claims that he met with an ORC staff member on January 23, 2026 and that the staff member compelled him to sign on to the program, this "staff member" is not identified and not named as a defendant in the complaint or any supplemental submission.

Construing the allegations liberally, plaintiff alleges that Baxter and Haggerty were personally involved because they failed to act or intervene after becoming aware of constitutional violations through plaintiff's letters.  Initially, the Court notes that the pleading

11

lacks facts related to when and where plaintiff forwarded his letters and what response, if any, he received from defendants.  Further, "[e]ven assuming the [defendants] were aware of the grievance or complaints, 'mere knowledge' is insufficient to adequately plead a Section 1983 violation"  *Brunache v. Annucci*, No. 22-CV-196, 2023 WL 146850, at *15 (W.D.N.Y. Jan. 9, 2023).  In light of *Tangreti*, plaintiff's attempt to plead personal involvement based upon the receipt of letters lacks merit because it does not plausibly suggest "[t]he factors necessary to establish" a constitutional claim.  *See Fabrizio v. Smith*, No. 9:20-CV-0011 (GTS/ML), 2021 WL 2211206, at *10 (N.D.N.Y. Mar. 10, 2021), *report and recommendation adopted*, 2021 WL 2211023 (N.D.N.Y. June 1, 2021); *see also Verdi v. Farah*, No. 9:22-CV-0825 (BKS/CFH), 2022 WL 4236401, at *7 (N.D.N.Y. Sept. 14, 2022) (holding that, even assuming the defendant "received and read [the] plaintiff's letters, and that *Tangreti* did not entirely eliminate supervisory liability under a failure-to-remedy theory, [the] defendant['s] alleged refusal to override the grievance process does not plausibly suggest" that he violated the plaintiff's constitutional rights); *Walker v. Uhler*, No. 9:22-CV-1133 (GTS/ATB), 2023 WL 1462917, at *3 (N.D.N.Y. Feb. 2, 2023).

### c.  Visitation

With respect to visitation, plaintiff claims that his constitutional rights have been violated because the shock program is "eight hours away from his wife."  *See* Compl. at 10. Initially, the Court notes that plaintiff's claims are speculative, at best, because the complaint lacks dates or specific facts related to any alleged missed visits with his wife due to his participation in the program.  Regardless of the pleading deficiencies, "there is no constitutional right to visitation for convicted prisoners and their family members; 'family visitations for inmates only constitute a privilege and not a right.' "  *Mills v. Fischer*, No. 09-

CV-966A, 2011 WL 91028, at *2 (W.D.N.Y. Jan. 11, 2011) (citations omitted), *aff'd*, 497 F. App'x 114 (2d Cir. 2012).

Accordingly, these claims are dismissed without leave to amend.  See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (reasoning that an opportunity to amend is not required, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it").

## III.    LEAVE TO AMEND

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint if he desires to proceed with this action.  Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by plaintiff, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action.  The body of plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  Thus, if plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

## IV.    MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff seeks an order for his Dkt. No. 3.

13

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). "[T]his circuit has required a party seeking a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." C*itigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal quotation marks omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.,* 684 F.3d 286, 294 (2d Cir. 2011). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore,* 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing i*nter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the

14

underlying action); s*ee also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

Here, as plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

Construing plaintiff's motion in the light most favorable to him as a pro se litigant, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form. At this juncture, plaintiff has failed to assert any viable cause of action and all allegations in the complaint have been dismissed. Moreover, in his motion for injunctive relief, plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.

## V.      CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall attach the submissions at Docket Nos. 4, 13, and 14 to the complaint (Dkt. No. 1); and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  March 12, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

16